08-4483-cv
Louis Vuitton Malletier, S.A. v. LY USA Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand twelve.

PRESENT:

ROBERT D. SACK,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,

Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LOUIS VUITTON MALLETIER S.A,

Plaintiff-Appellee,

- v -                                      Nos. 08-4483-cv, 08-4525-cv,
                                           08-4528-cv, 08-5108-cv,
LY USA, INC.; COCO USA INC.; CHONG         08-5273-cv, 08-5290-cv
LAM; MARCO LEATHER GOODS, LTD.; and
JOYCE CHAN,

Defendants-Cross-Claimants-Cross
Defendants-Appellants.

----------------------------------------

Appearing for Appellant:      ANGELO RIOS (Mark N. Antar, on the
                              brief), Cheven, Keely & Hatzis, New
                              York, NY, for Defendants-Cross
                              Claimants-Cross Defendants-
                              Appellants CoCo USA Inc. and Joyce
                              Chan.

JOHN K. ZWERLING (Michael G. Dowd, Law Offices of Michael G. Dowd, New York, NY; Kathleen C. Waterman, Thomas Torto, Law Offices of Kathleen C. Waterman, New York, NY, on the brief) Zwerling, Leibig & Moseley, P.C., Alexandria, VA, for Defendants-Cross Claimants-Cross Appellants Chong Lam, LY USA Inc., and Marco Leather Goods, Ltd.

Appearing for Appellee: MICHAEL J. ALLAN (William G. Pecau, on the brief), Steptoe & Johnson LLP, Washington, DC.

Appeal from the United States District Court for the Southern District of New York (Alvin K. Hellerstein, J.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of district court be, and it hereby is, AFFIRMED.

Defendants-Appellants appeal from judgments of the United States District Court for the Southern District of New York entered September 2, 2008 and October 15, 2008 granting summary judgment to Plaintiff-Appellee on its claims for trademark infringement and trademark counterfeiting, and awarding $3.5 million in statutory damages, attorney's fees, and costs. We assume the parties' familiarity with the facts and procedural history of this case.

Defendants appeal five separate decisions of the district court: (1) the grant of summary judgment on plaintiff's claims of trademark infringement and counterfeiting; (2) the award of statutory damages; (3) the denial of the defendants' motion to adjourn oral argument to permit the defendants to examine

2

purportedly new evidence; (4) the denial of the defendants' motion to stay the proceeding pending the outcome of a related criminal proceeding; and (5) the award of attorney's fees in addition to statutory damages.  This summary order addresses only the first three issues.  The district court's decision on the latter two are disposed of by a separate opinion issued today.

### I. Trademark Infringement and Counterfeiting

We review the district court's grant of summary judgment on the trademark infringement and counterfeiting claims de novo, construing the facts in the light most favorable to the defendants.  Am. Express Co. v. Goetz, 515 F.3d 156, 159 (2d Cir. 2008).

Under Section 32 of the Lanham Act, the owner of a mark registered with the Patent and Trademark Office can seek civil damages against a party who uses the mark without the owner's consent in a manner "likely to cause confusion, or to cause mistake, or to deceive."  15 U.S.C. § 1114(1)(a)(2011).  "We analyze such a claim under a familiar two-prong test.  The test looks first to whether the plaintiff's mark is entitled to protection, and second to whether the defendant's use of the mark is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods."  Tiffany (NJ) Inc. v. eBay Inc., 600 F.3d 93, 102 (2d Cir. 2010) (internal quotation marks omitted).  Louis Vuitton's ownership of protected marks is

3

undisputed. To evaluate the likelihood of consumer confusion, this court applies the eight-factor balancing test set forth in Polaroid Corp. v. Polarad Elecs. Corp., 287 F.2d 492, 495 (2d Cir. 1961). The ultimate purpose of this test is to determine whether, "looking at the products in their totality, consumers are likely to be confused." Starbucks Corp. v. Wolfe's Borough Coffee, Inc., 588 F.3d 97, 115 (2d Cir. 2009) (citation and internal quotation marks omitted).

The defendants challenge the district court's finding of infringement primarily on the basis of the similarity-of-the-marks analysis under Polaroid. The defendants argue that the district court's observation that differences exist between the accused merchandise and the Louis Vuitton merchandise "cannot be reconciled" with a finding of infringement. This argument misapprehends the law.

The threshold for infringement liability is not exact copying, but rather confusing similarity. Such similarity is to be determined by considering how a consumer would perceive the products viewing them serially, as would be typical in a purchasing context. See Louis Vuitton Malletier v. Burlington Coat Factory Warehouse Corp., 426 F.3d 532, 538 (2d Cir. 2005) ("The test [for likelihood of confusion] is not whether the consumer will know the difference if he sees the competing

products on the same shelf." (alteration in original; internal quotation marks omitted)).

The district court properly applied the similarity-of-the-marks and other Polaroid factors in determining that consumer confusion was sufficiently likely to support a claim for infringement. The likelihood that the use of plaintiff's marks would lead individuals other than purchasers of the knockoff products to believe that they were manufactured by the trademark-holder (so-called "post-sale confusion") provides further support for the judgment of the district court. See Hermès Int'l v. Lederer de Paris Fifth Ave., Inc., 219 F.3d 104, 109 (2d Cir. 2000) ("[A] loss occurs when a sophisticated buyer purchases a knockoff and passes it off to the public as the genuine article, thereby confusing the viewing public and achieving the status of owning the genuine article at a knockoff price."); Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co., 799 F.2d 867, 872 (2d Cir. 1986) ("[P]ost-sale confusion as to source is actionable under the Lanham Act.").

The Lanham Act defines as counterfeit "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. The defendants challenge the district court's ruling on summary judgment that they engaged in counterfeiting primarily based on the alleged bias of a cooperating witness. However, "[b]road, conclusory attacks on

5

the credibility of a witness" alone are insufficient to defeat summary judgment. Island Software & Comp. Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 261 (2d Cir. 2005). The district court based its ruling on the absence of any testimony contradicting the cooperating witness, as well as on its own examination of catalog photographs of the counterfeit goods, records of Customs seizures, and additional evidence. The district court properly concluded that the defendants engaged in counterfeiting.

## II.  Statutory Damages

This court reviews a district court's factual findings in support of its determination of the amount of statutory damages for clear error, and its award of such damages for an abuse of discretion. Bryant v. Media Rights Prods., Inc., 603 F.3d 135, 143 (2d Cir. 2010) (reviewing an award of statutory damages under the Copyright Act).

Section 35(c) of the Lanham Act sets minimum and maximum statutory damages "per counterfeit mark per type of goods or services sold" that vary based on whether the use of the counterfeit mark was willful.[*]  15 U.S.C. § 1117(c).  Within

---

[*]  At the time this suit was initiated, the amounts ranged from not less than $500 to not more than $100,000 per counterfeit mark per type of goods sold if use of the mark was not willful, or up to $1 million per mark if the use was willful. 15 U.S.C. § 1117(c)(2004).  These amounts were doubled effective October 13, 2008.  See Prioritizing Resources and Organization for

these statutory limits courts have "considerably broad discretion" to balance the "punitive, deterrent function" of an award against the direction that it "not constitute a windfall for prevailing plaintiffs." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 157 (E.D.N.Y. 2010).

The district court found eight distinct and willful uses of counterfeit marks that entitled the plaintiff to the maximum statutory damages of $8 million, considerably more than the $3 million awarded. The district court noted that U.S. Customs had seized some 100,000 counterfeit items from just one of the defendants in a single year and that the incomplete sales records produced by the defendants invited an inference of a "massive counterfeiting enterprise." Based on the record before the district court, its conclusion as to the possible extent of the counterfeiting does not constitute clear error, and we cannot say that the district court abused its discretion in setting the amount of the award.

### III.  Motion to Adjourn Oral Argumemt

The defendants argue that the district court abused its discretion in denying their motion to stay oral argument to allow them to examine "new evidence" of counterfeiting that Louis Vuitton proffered in its summary judgment briefing. "The

Intellectual Property Act of 2008, 110 Pub. L. No. 110-403, § 104, 122 Stat. 4256.

decision to deny a continuance rests within the sound discretion of the trial court and will be overturned only for an abuse of discretion." Farias v. Instructional Sys., Inc., 259 F.3d 91, 99-100 (2d Cir. 2001).

On appeal, the defendants cite no authority in support of their conclusory assertions that the district court abused its discretion in denying a continuance. The "new evidence" plaintiff submitted was cumulative of other counterfeiting evidence previously submitted, to which the defendants had ample opportunity to respond. We therefore conclude that the district court's denial of the motion was not arbitrary and did not prejudice the defendants.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, CLERK